IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

MICHAEL VINCENT, )
Register No. 175509, )
 )
        Plaintiff, )
 )
    v. ) No. 05-4247-CV-C-NKL
 )
DAVID WEBSTER, )
 )
        Defendant. )

## REPORT, RECOMMENDATION AND ORDER

      Plaintiff, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

      Plaintiff seeks monetary and injunctive relief, pursuant to 42 U.S.C. § 1983. Named as sole defendant is Caseworker David Webster of the Jefferson City Correctional Center.

      Plaintiff alleges that defendant issued him false conduct violations in order to have him removed from his then cell assignment where he shared a cell with inmate Charles Higginbotham. Plaintiff alleges that defendant stated he believed plaintiff was exploiting his cell-mate, Mr. Higginbotham, and that plaintiff, a black man, should not be housed with a white cell-mate. Plaintiff further alleges that defendant violated prison disciplinary procedures when issuing the conduct violation against plaintiff and has interfered with plaintiff's processing of his claims via the prison grievance process. Plaintiff alleges defendant's actions were racially motivated and, thus, a violation of equal protection.

      Plaintiff has requested leave to proceed without prepaying the filing fee and costs. 28 U.S.C. § 1915(a). Pursuant to the Prison Litigation Reform Act, the court is required to screen prisoner cases and must dismiss a complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and

(2).  Additionally, under section 1915(g), if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave to proceed under section 1915(a). The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

Plaintiff's due process claims should be dismissed, pursuant to the Prison Litigation Reform Act, for failure to state a claim on which relief can be granted.  Plaintiff alleges he was denied due process when disciplined.

To establish a due process violation, plaintiff must show a deprivation of a liberty or property interest protected by the Fourteenth Amendment.  *Paul v. Davis*, 424 U.S. 693, 710-12 (1976).  The Due Process Clause does not protect prisoners from every adverse change in their confinement.  *Sandin v. Connor*, 515 U.S. 472,___, 115 S. Ct. 2293, 2297 (1995).  If the conditions and degree of confinement are within the sentence imposed and do not otherwise violate the Constitution, prisoners have no claim under the Due Process Clause.  *Montayne v. Haymes,* 427 U.S. 236, 242 (1976).  *See also Hewitt v. Helms*, 459 U.S. 460, 468 (1983) (prisoners have no inherent right to remain in general population).  Disciplinary action taken in response to a prisoner's misconduct "falls within the expected parameters of the sentence." *Sandin*, 115 S. Ct. at 2301.

To determine whether prisoners have a liberty interest under state law, the court looks at the nature of the deprivation.  *Id.* at 2299-2300.  Generally, state-created liberty interests are "limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Id.* at 2300.  Segregated confinement does not normally "present a dramatic departure from the basic conditions" of prison life.  *Id.* at 2301.

Plaintiff's claims that he was assigned to administrative segregation for an alleged false conduct violation do not challenge his conditions of confinement and, therefore, are not constitutionally protected by Fourteenth Amendment due process.  Plaintiff does not allege that his administrative segregation assignment imposes atypical and significant hardship.  Moreover, to the extent plaintiff alleges defendant failed to follow prison policy and procedure in the issuance of the conduct violation, such claims also fail to implicate a liberty interest protected by due process.  Prisoners have no liberty interest in having state officers follow state law or prison

officials follow prison regulations. *Phillips v. Norris*, 320 F.3d 844, 847 (2003) (citing *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)).

Although plaintiff's allegations of denial of equal protection may not be sufficient to withstand a motion to dismiss or for summary judgment, they are sufficient, when liberally construed, to allow plaintiff to proceed at this stage.

To establish a claim under the Equal Protection Clause, a plaintiff must show he has been treated by a state actor differently than those similarly situated because he belongs to a particular class, *Inmates of the Nebraska Penal and Correctional Complex v. Greenholtz*, 567 F.2d 1368, 1374 (8th Cir. 1977), or because a fundamental right is involved, *Alcala v. Burns*, 545 F.2d 1101 (8th Cir. 1976). Where there is no "suspect classification" involved, such as race, and no question of fundamental rights, the courts will uphold the state action or legislation if it is rationally related to a "legitimate state purpose." *Casbah, Inc. v. Thone*, 651 F.2d 551 (8th Cir. 1981). The standard of review is a question of law. Prison inmates do not constitute a suspect class. *More v. Farrier*, 984 F.2d 269, 271 (8th Cir. 1993) (wheelchair inmates are not a suspect class); *Fuller v. Lane*, 686 F. Supp. 686 (C.D. Ill. 1988).

The Prison Litigation Reform Act of 1995 requires inmates to pay the filing fee when bringing a civil case or filing an appeal in forma pauperis. 28 U.S.C. § 1915 (as amended Apr. 26, 1996). The records available to the court indicate plaintiff is capable of making an initial payment of $21.61[1] toward the filing fee. Plaintiff should contact prison officials to have the initial payment processed. In the future, prison officials will withdraw funds from plaintiff's account and forward them to the court, until the filing fee is paid in full. If plaintiff fails to make

---

[1]The initial payment is assessed at "20 percent of the greater of (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal." The installment payments will be assessed at "20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid." 28 U.S.C. § 1915 (as amended Apr. 26, 1996). If plaintiff has not signed an authorization for release of inmate account funds, he will need to do so promptly.

the initial payment, his claims may be dismissed for failure to comply with court orders. Fed. R. Civ. P. 41(b).

Pursuant to L.R. 7.1, suggestions in opposition to pending motions should be filed within twelve days after the motion is filed. Reply suggestions should be filed within twelve days after the suggestions in opposition are filed. In some circumstances, the court will give the parties additional time to file suggestions or reply suggestions. Unless an order is issued extending the time, responses and suggestions must be filed within the twelve days allotted by the Rule. Requests for an extension of time should be filed prior to the expiration of the twelve days allowed for a response. Responses and suggestions filed out-of-time, without prior leave of court, may not be considered when the court issues its ruling on the pending matter.

IT IS, THEREFORE, ORDERED that plaintiff is granted leave to proceed in forma pauperis, pursuant to the provisions of 28 U.S.C. § 1915, on his equal protection claims. It is further

ORDERED that within thirty days, plaintiff make an initial payment of $21.61 toward the $250.00 filing fee. It is further

ORDERED that within thirty days, the Attorney General of Missouri notify the court, in writing, whether he will or will not waive service of process. It is further

ORDERED that defendant answer or otherwise respond, pursuant to Fed. R. Civ. P. 4 and 12, within sixty days, if service of process is waived, or within twenty days after service of process, if service of process is not waived. It is further

ORDERED that defendant is granted leave to depose plaintiff at his place of incarceration. It is further

RECOMMENDED that plaintiff's due process claims be dismissed, pursuant to 28 U.S.C. § 1915A, for failure to state a claim for which relief can be granted.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. If additional time is needed, a motion for an extension of time must be filed within twenty days. The motion should state the reasons for the request. *See Nash v. Black*, 781 F.2d 665, 667 (8th Cir. 1986) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)); *Messimer v. Lockhart*, 702 F.2d 729 (8th Cir. 1983). Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

Dated this 27th day of October, 2005, at Jefferson City, Missouri.

                                        /s/

                                        WILLIAM A. KNOX
                                        United States Magistrate Judge