IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

MICHAEL VINCENT, Register No. 175509,   )
                                        )
                    Plaintiff,          )
                                        )
        v.                              )   No. 05-4247-CV-C-NKL
                                        )
DAVID WEBSTER,                          )
                                        )
                    Defendant.          )

## REPORT AND RECOMMENDATION

Plaintiff Michael Vincent, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

On October 23, 2006, defendant David Webster filed a motion for summary judgment on plaintiff's claims that defendant violated plaintiff's constitutional right to equal protection under the law. On November 16, 2006, plaintiff filed a response.

Fed. R. Civ. P. 56(c) requires "the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden on the party moving for summary judgment "is only to demonstrate . . . that the record does not disclose a genuine dispute on a material fact." City of Mt. Pleasant, Iowa v. Associated Elec. Co-Op., 838 F.2d 268, 273 (8th Cir. 1988).

Once the moving party has done so, the burden shifts to the nonmoving party to go beyond his pleadings and show, by affidavit or by "depositions, answers to interrogatories, and admissions on file," that there is a genuine issue of fact to be resolved at trial. Celotex, 477 U.S. at 323. Evidence of a disputed factual issue which is merely colorable or not significantly probative, however, will not prevent entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Summary judgment, however, "is an extreme remedy, to be granted only if no genuine issue exists as to any material fact." Hass v. Weiner, 765 F.2d 123, 124 (8th Cir. 1985). In ruling on a motion for summary judgment, this court must view all facts in a light most favorable to the nonmoving party, and that party must receive the benefit of all reasonable inferences drawn from the facts. Robinson v. Monaghan, 864 F.2d 622, 624 (8th Cir. 1989).

If "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law," the court must grant summary judgment. Fed. R. Civ. P. 56(c).

**Statement of Facts**

Plaintiff Vincent is an inmate incarcerated at Jefferson City Correctional Center (JCCC). Defendant Webster is employed as a caseworker at JCCC. As a caseworker, defendant's duties include serving as a hearing officer when an inmate receives a conduct violation from another staff member. Defendant also issues conduct violations to inmates when they violate the institutional rules; however, he does not serve as a disciplinary hearing officer for such conduct violations. In September and October 2004, defendant was assigned to Housing Unit 2 at JCCC where plaintiff was assigned.

On September 21, 2004, defendant Webster served as a disciplinary hearing officer on a conduct violation plaintiff Vincent received for possession of an intoxicating substance. Based on the laboratory reports indicating positive results for cocaine and marijuana use, defendant found plaintiff guilty and recommended discipline.

On October 19, 2004, defendant Webster received information from a confidential source that plaintiff Vincent was engaging in the sale of other inmates, and was involved in gambling, drugs, and dangerous contraband.

On October 21, 2004, defendant Webster and a nondefendant correctional employee searched plaintiff Vincent's cell and found items confirming some of the information from the confidential source. In plaintiff's cell, defendant found property belonging to other inmates; items not in their original containers; gambling paraphernalia; and a debt list showing money owed by other inmates to plaintiff. The amounts on the debt list ranged from $25.00 to as much as $780.00. All items were found in plaintiff's totes, under his mattress and with his other property on the cell floor.

A search of another inmate's cell provided information indicating that plaintiff Vincent's cellmate, Higginbotham, was bought and owned by plaintiff.

As a result of the search of plaintiff Vincent's cell, he was given a disciplinary hearing and resulting contraband violation. Plaintiff was assigned to ten days' disciplinary segregation and referred to administrative segregation. Plaintiff's cellmate was given a contraband violation and ten days' cell restriction.

On October 28, 2004, defendant Webster sent an interoffice communication to Assistant Superintendent Arthur Wood indicating the information that led him to believe plaintiff Vincent was a central figure in much of the illicit and illegal activity in Housing Unit 2, and that it was advisable to assign plaintiff to administrative segregation pending transfer to another institution.

Plaintiff Vincent is no longer assigned to administrative segregation.

## Equal Protection

To establish a claim under the Equal Protection Clause, a plaintiff must show he has been treated by a state actor differently than those similarly situated because he belongs to a particular class, Inmates of the Nebraska Penal and Correctional Complex v. Greenholtz, 567 F.2d 1368, 1374 (8th Cir. 1977), or because a fundamental right is involved, Alcala v. Burns, 545 F.2d 1101 (8th Cir. 1976). Where there is no "suspect classification" involved, such as race, and no question of fundamental rights, the courts will uphold the state action or legislation, if it is rationally related to a "legitimate state purpose." Casbah, Inc. v. Thone, 651 F.2d 551 (8th Cir. 1981). The standard of review is a question of law. Prison inmates do not constitute a suspect class. More v. Farrier, 984 F.2d 269, 271 (8th Cir. 1993) (wheelchair inmates are not a suspect class); Fuller v. Lane, 686 F. Supp. 686 (C.D. Ill. 1988).

Although plaintiff Vincent, a black man, alleges that he was given harsher punishment than that of his white cellmate, plaintiff fails to come forward with evidence that he and his cellmate were similarly situated. The evidence clearly provides that just prior to his being assigned to ten days' disciplinary segregation, plaintiff had received a conduct violation for possession of intoxicating substances, cocaine and marijuana, and information was recently received indicating that plaintiff was significantly involved in numerous illegal activities within the prison. Plaintiff has come forward with no evidence that Higginbotham had received the same or similar recent conduct violations, or that he was suspected in illicit activities within the

3

prison. Further, plaintiff fails to provide evidence that Higginbotham was found to be in possession of the same type of contraband as plaintiff.

Plaintiff Vincent's statement that he was given a more severe punishment because he was a black man is unsupported by the evidence. Plaintiff has failed to come forward with evidence to support his equal protection claims, and therefore, defendant Webster is entitled to judgment as a matter of law.

IT IS, THEREFORE, RECOMMENDED that defendant Webster's motion for summary judgment be granted, and plaintiff Vincent's claims be dismissed. [36]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 16th day of April, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge